IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| Ronda Matthies, *on behalf of herself and all* *others similarly situated*, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | **CLASS COMPLAINT** |
| | ) | |
| v. | ) | **Jury Trial Demanded** |
| | ) | |
| Lee Law Offices, P.C., | ) | |
| | ) | |
| Defendant. | ) | |

## NATURE OF ACTION

1.      Plaintiff Ronda Matthies ("Plaintiff") brings this putative class action against Defendant Lee Law Offices, P.C. ("Defendant") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., on behalf of herself and all others similarly situated.

## JURISDICTION, VENUE, AND STANDING

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

4.      "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136

S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)).

5.       "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)).  Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing.  *See id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6.       "The Supreme Court has held time and again that the violation of a statutory right to receive information one is entitled to receive creates a concrete injury sufficient to confer standing on a plaintiff." *Zia v. CitiMortgage, Inc.*, No. 15-CV-23026, 2016 WL 5369316, at *6 (S.D. Fla. Sept. 26, 2016).

7.    "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

## THE FAIR DEBT COLLECTION PRACTICES ACT

8.    Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

9.    In order to protect gullible consumers, the Sixth Circuit, "in determining whether a statement qualifies as misleading, employs an objective, 'least-sophisticated-consumer' test." *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 592 (6th Cir. 2009); *Smith v. Computer Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir. 1999) ("The least sophisticated debtor standard is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor'") (quoting *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988)).

10.    "Federal courts have broadly recognized the FDCPA as a strict-liability statute." *Gamby v. Equifax Info. Servs. LLC*, 462 F. App'x 552, 556 (6th Cir. 2012) (citing *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003)).

11.     "Structured as such, the FDCPA functions both to protect the individual debtor and advance the declared federal interest in 'eliminat[ing] abusive debt collection practices.'" *Stratton v. Portfolio Recovery Associates, LLC*, 770 F. 3d 443, 449 (6th Cir. 2014), *as amended* (Dec. 11, 2014) (quoting 15 U.S.C. § 1692(e)).

## PARTIES

12.     Plaintiff is a natural person who at all relevant times resided in the State of Michigan, County of Muskegon, and City of Muskegon.

13.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

14.     Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

15.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

16.     Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

17.     Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal vehicle loan (the "Debt") with Ford Motor Credit Corporation (the "Creditor").

18.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

19.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

20.     In 2000, while Plaintiff was living in Nebraska, Plaintiff purchased and financed a vehicle with the Creditor.

21.     Plaintiff had almost finished paying off the vehicle loan when she unexpectedly lost her job in 2005 and was unable to continue making payments to the Creditor.

22.     When the loan became delinquent, the Creditor repossessed the vehicle and sold it at auction.

23.     In connection with the collection of the Debt, the Creditor obtained a judgment against Plaintiff to collect the deficiency balance in November of 2005 in the state court of Stanton County, Nebraska.

24.     In 2013, Plaintiff relocated from Nebraska to Michigan.

25.     Defendant, on behalf of the Creditor, filed and obtained an order of revivor on or about April 11, 2017 in the court of Stanton County, Nebraska.

26.     Shortly after, Defendant served Plaintiff with the order via certified mail at her current Michigan residence.

27.     In connection with the collection of the Debt, Defendant sent Plaintiff a letter dated April 12, 2017.

28.     A true and correct copy of Defendant's April 12, 2017 letter is attached to this complaint as Exhibit A.

29.     Defendant's April 12, 2017 letter was its initial communication with Plaintiff with respect to the Debt.  *See* Exhibit A.

30.     Defendant's April 12, 2017 letter informed Plaintiff that the 2005 Nebraska judgment had been revived and stated:

> You must contact the undersigned within five (5) days of your receipt of this letter in order to avoid the use of any post-judgment enforcement efforts through the court including but not limited to:
>
> 1:     Being ordered to appear in court and testify, under oath, concerning your assets;
> 2:     Having the sheriff levy on your personal property (vehicles, tools, etc.) and sell them at public sale with the proceeds paid to the court on this judgment;
> 3:     Garnishment of any funds on deposit in any banking institution;
> 4:     Wage garnishment on your employment that may deduct up to 25% of your pay;
> 5:     Being held in contempt of court if you fail to appear in court and testify as to your assets if you were served by the sheriff with an order to appear in court;
> 6:     Transcribing the judgment to District Court where it would serve as a lien on any real estate you may own in that county.

Exhibit A.

31.     Defendant's April 12, 2017 letter stated that the above actions could only be avoided if Plaintiff contacted Defendant within five days, stating: "**[W]e must hear from**

6

**you within the next five (5) days in order to prevent any of the above steps from being**

**taken concerning this judgment.**" *Id*. (emphasis in original).

32. It was not until after Defendant's threats of legal action that Defendant purported to inform Plaintiff of the notices required in an initial communication by 15 U.S.C. § 1692g(a). *Id.*

33. However, only a savvy consumer or lawyer already familiar with the requirements of the FDCPA and what is required under 15 U.S.C. § 1692g(a) would understand the language used in Defendant's April 12, 2017 letter which states:

> This is a consumer debt. Unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion therefor, the debt will be assumed to be valid by the debt collector; "… that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; … that upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Exhibit A.

34. Therefore, Defendant's April 12, 2017 letter fails to meaningfully convey the disclosures required by 15 U.S.C. § 1692g(a).

35. Defendant's April 12, 2017 letter fails to explain that if the consumer submits a timely written dispute of the Debt or any portion thereof, or requests the name and address of the original creditor, Defendant must cease collection of the Debt or any disputed portion thereof—including post-judgment enforcement activity—and Defendant may not resume

collection activity on the Debt until Defendant obtains and provides the consumer with verification of the debt.  *See* 15 U.S.C. § 1692g(b).

36.     Without a proper disclosure of Plaintiff's rights under the FDCPA, Defendant's threats of severe judicial consequences within five days overshadows Plaintiff's right to dispute the Debt and request verification and/or the name and address of the original creditor within the 30 day dispute period. *See* 15 U.S.C. § 1692g(b)

37.     Defendant's April 12, 2017 letter was sent on attorney Dennis P. Lee's letterhead and closed with his signature.  *See* Exhibit A.

38.     A Michigan court may only enforce a judgment entered in another state against a Michigan resident once an authenticated judgment has been filed with a clerk of the court in the state of Michigan.  *See* M.C.L. § 691.1173.

39.     Upon information and belief, Defendant has not filed the revived Nebraska judgment against Plaintiff in any court within the state of Michigan.

40.     Upon information and belief, Dennis P. Lee is not licensed to practice law in the state of Michigan.

41.     Upon information and belief, no attorney at Defendant's firm is licensed to practice law in Michigan.

42.     Rule 5.5 of the Michigan Rules of Professional Conduct states that "[a] lawyer who is not admitted to practice in this jurisdiction shall not: (1) except as authorized by law or these rules, establish an office or other systematic and continuous presence in

this jurisdiction for the practice of law; or (2) hold out to the public or otherwise represent that the lawyer is admitted to practice law in this jurisdiction."

43. Because Mr. Lee is not licensed to practice law in the state of Michigan, he would be unable to institute legal action against Plaintiff to collect the Debt.

44. Upon information and belief, to comply with Rule 5.5 of the Michigan Rules of Professional Conduct, Mr. Lee must act solely as a debt collector—not an attorney.

45. However, Defendant's April 12, 2017 letter fails to include any language or disclaimer clarifying that Mr. Lee is acting solely as a debt collector.

46. Therefore, the least sophisticated consumer would be misled into thinking that Defendant's April 12, 2017 letter was a communication from an attorney practicing law—and not solely in a lay debt collector capacity.

47. Defendant's April 12, 2017 letter also threatens to take an action that cannot legally be taken or that is not intended to be taken, such as any of the post-judgment enforcement efforts listed in Defendant's April 12, 2017 letter.  *See* Exhibit A.

**CLASS ACTION ALLEGATIONS**

48. Plaintiff repeats and re-alleges the relevant factual allegations above.

49. The April 12, 2017 letter is based on a form or template (the "Template").

50. Defendant sends the Template as its initial communication to a consumer in connection with the collection of a consumer debt.

51.     Defendant's Template fails to effectively convey the notices required by 15 U.S.C. § 1692g(a) in an initial communication with a consumer.

52.     Defendant's Template also represents that it is a communication from an attorney.

53.     Defendant's Template threatens to take action that cannot legally be taken as the revived Nebraska judgment cannot be enforced against Plaintiff, a Michigan resident, until it is filed in a Michigan court and no lawyer at Defendant's law firm is licensed to practice in Michigan.

54.     Defendant's Template overshadows Plaintiff's right to dispute the Debt because it threatens severe judicial consequences if Plaintiff fails to contact Defendant within five days without explaining how the threats comport with the consumer's right to dispute the debt or request verification.

55.     Defendant has used the Template to send collection notices to at least 40 individuals in the United States in the year prior to the filing of this complaint.

56.     Upon information and belief, Defendant has used the Template to send collection notices to at least 40 individuals in the State of Michigan in the year prior to the filing of this complaint.

57.     Plaintiff brings this action on behalf of herself and all others similarly situated.  Specifically, Plaintiff seeks to represent the following class and sub-class:

**Nationwide Class:**
All individuals in the United States to whom Defendant sent a letter based upon the Template, within one year before the date of this complaint, in connection with the collection of a consumer debt.

**Michigan Sub-class:**
All individuals with a Michigan address, to whom Defendant sent a letter based upon the Template, within one year before the date of this complaint, in connection with the collection of a consumer debt.

58.     The proposed classes specifically exclude the United States of America, the State of Michigan, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Sixth Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendants, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

59.     The classes are averred to be so numerous that joinder of members is impracticable.

60.     The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

61.     The classes are ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

62.     There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues

include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of 15 U.S.C. § 1692 *et seq*.; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

63.     The claims of Plaintiff are typical of the claims of the classes she seeks to represent.

64.     The claims of Plaintiff and of the classes originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

65.     Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

66.     Plaintiff will fairly and adequately protect the interests of the classes and has no interest adverse to or which directly and irrevocably conflicts with the interests of other class members.

67.     Plaintiff is willing and prepared to serve this Court and the proposed classes.

68.     The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

69.     Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately

prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

70.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes who are not parties to the action or could substantially impair or impede their ability to protect their interests.

71.     The prosecution of separate actions by individual members of the classes would create a risk of inconsistent or varying adjudications with respect to individual members of the classes, which would establish incompatible standards of conduct for the parties opposing the classes. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the classes.

72.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the classes, making final declaratory or injunctive relief appropriate.

73.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the classes predominate over any questions affecting only individual members.

74.     Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(3)

75.     Plaintiff repeats and re-alleges each factual allegation above.

76.     A debt collector violates 15 U.S.C. § 1692e(3) by falsely representing that any individual is an attorney or that any communication is from an attorney.  *See* 15 U.S.C. § 1692e(3).

77.     "[D]efendants may be liable under the FDCPA for sending letters purporting to be from an attorney, when, in fact, those communications were not from [any attorney employed by the firm] in any meaningful sense of that word."  *Martin v. Trott Law, P.C.*, No. 15-12838, 2016 WL 3997029, at *6 (E.D. Mich. July 26, 2016) (quoting *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 440 (6th Cir. 2008)) (internal quotations omitted).

78.     "An unsophisticated consumer, getting a letter from an 'attorney,' knows the price of poker has just gone up . . . A letter from an attorney implies that a real lawyer, acting like a lawyer usually acts, directly controlled or supervised the process through which the letter was sent. That's the essence of the connotation that accompanies the title of 'attorney.' *A debt collection letter on an attorney's letterhead conveys authority*." *Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir. 1996) (emphasis added).

79.     "[A] lawyer acting as a debt collector must notify the consumer, through a clear and prominent disclaimer in the letter, that the lawyer is wearing a 'debt collector' hat and not a 'lawyer' hat when sending out the letter." *Gonzalez v. Kay*, 577 F.3d 600, 604 (5th Cir. 2009).

80.     Upon information and belief, Mr. Lee is not licensed to practice law in the state of Michigan.

81.     Defendant's April 12, 2017 letter was sent on Mr. Lee's letterhead, threatened post-judgment enforcement, closed with Mr. Lee's signature, and failed to clarify that Mr. Lee was acting solely as a debt collector, not as an attorney. *See* Exhibit A.

82.     Thus, the least sophisticated consumer could reasonably believe that Defendant's April 12, 2017 letter was from Mr. Lee in his capacity as an attorney.

83.     Therefore, Defendant violated 15 U.S.C. § 1692e(3) by falsely representing that its April 12, 2017 letter was from an attorney licensed to practice law in Michigan.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692e(3) with respect to Plaintiff and Michigan sub-class she seeks to represent;

c) Awarding Plaintiff and the Michigan sub-class she seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the Michigan sub-class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the Michigan sub-class she seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

**COUNT II**
**VIOLATION OF 15 U.S.C. § 1692e(5)**

84.     Plaintiff repeats and re-alleges each factual allegation above.

85.     A debt collector violates 15 U.S.C. § 1692e(5) by threatening to take action that cannot legally be taken or that is not intended to be taken.  *See* 15 U.S.C. § 1692e(5).

86.     "Parties often knowingly make threats of illegal action, hoping that the threat will intimidate the opposing party, who may not take comfort from the prospect of years of expensive and uncertain litigation to vindicate her rights. Such threats can have real effects. The FDCPA in general, and § 1692e(5) in particular, are aimed directly at such tactics in the context of collecting consumer debts, where power and resources are often, let us say, asymmetrical." *Captain v. ARS Nat. Servs., Inc.*, 636 F. Supp. 2d 791, 796 (S.D. Ind. 2009).

87.     Defendant failed to file the Nebraska judgment in a Michigan court, and therefore, Defendant would be unable to judicially enforce the Nebraska judgment against Plaintiff, a Michigan resident, using the methods threatened in its April 12, 2017 letter.

88.     Defendant's April 12, 2017 letter also implied that Mr. Lee would institute legal action against Plaintiff although no one in Defendant's law firm is licensed in the state of Michigan.

89.     Therefore, Defendant violated 15 U.S.C. § 1692e(5) by threatening action that cannot legally be taken or that is not intended to be taken.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692e(5) with respect to Plaintiff and the Michigan sub-class she seeks to represent;

c) Awarding Plaintiff and the Michigan sub-class she seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the Michigan sub-class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the Michigan sub-class she seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692g(a)

90.     Plaintiff repeats and re-alleges each relevant factual allegation above.

91.     A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice.  *See* 15 U.S.C. § 1692g(a).

92.     Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

93.     "To satisfy § 1692g(a), the debt collector's notice must state the required information 'clearly enough that the recipient is likely to understand it.'" *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016) (quoting *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 948 (7th Cir. 2004)); *see also Bartlett v. Heibl,* 128 F.3d 497, 500 (7th Cir. 1997) (debt collector may not defeat the Act's purpose by "making the required disclosures in a form or within a context in which they are unlikely to be understood by the unsophisticated debtors who are the particular objects of the statute's solicitude.").

94.     Defendant violated 15 U.S.C. § 1692g(a) by failing to clearly convey Plaintiff's right to dispute the debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b)  Adjudging that Defendant violated 15 U.S.C. § 1692g(a) with respect to Plaintiff and the class she seeks to represent;

c)  Awarding Plaintiff and the class she seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e)  Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f)  Awarding Plaintiff and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g)  Awarding Plaintiff and the class she seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h)  Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692g(b)

95.   Plaintiff repeats and re-alleges each relevant factual allegation above.

96.   "[A] communication from the debt collector cannot include any language which overshadows or contradicts the statutory notices required by § 1692g(a), in such a way as to make the least sophisticated consumer uncertain of his or her rights." *Gottlieb v. Green Oil, Inc.*, No. 97-7313-CIV-FERGUSON, 1998 WL 469849, at *3 (S.D. Fla. May 8, 1998); *see* 15 U.S.C. § 1692g(b).

97.   "At issue for this Court is whether [defendant's] second letter would lead the least sophisticated debtor to believe that he did not have thirty days in which to dispute the validity of the debt. If the letter reduces this time frame, it violates the Act." *Smith v. Computer Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir. 1999).

98.   Here, Defendant's April 12, 2017 letter included statements that threatened severe judicial consequences unless Plaintiff contacted Defendant within five days.

99.   Defendant violated 15 U.S.C. § 1692g(b) by failing to explain Defendant's obligation to cease collection of the Debt if Plaintiff submits a timely written dispute of the Debt or any portion thereof, or requests the name and address of the original creditor, until Defendant obtains and provides Plaintiff with verification of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b)   Adjudging that Defendant violated 15 U.S.C. § 1692g(b) with respect to Plaintiff and the class she seeks to represent;

c)   Awarding Plaintiff and the class she seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d)   Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e)   Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f)   Awarding Plaintiff and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g)   Awarding Plaintiff and the class she seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h)   Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

100.    Plaintiff is entitled to and hereby demands a trial by jury.

Dated: August 23, 2017

Respectfully submitted,

s/Joseph Panvini
Joseph Panvini
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@consumerlawinfo.com
Attorney for Plaintiff